UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MARK BOATSWAIN,

                           Petitioner,         **REPORT AND RECOMMENDATION**

        -against-

                                              05 Civ. 8155 (SCR) (GAY)

DALE ARTUS, Superintendent,
Clinton Correctional Facility,

                         Respondent.
---------------------------------------------------------X

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Petitioner Mark Boatswain ("petitioner"), proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.[1]

## I. BACKGROUND

Petitioner was convicted on July 8, 1998 of the crimes of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the forth degree. It was alleged that in the early hours of June 21, 1997, petitioner arrived at Sharon Lake's ("victim") residence at 315 South 7th Avenue, Mount Vernon, New York and told her that he needed to talk to her. Petitioner and victim have a child together. After a short discussion on the subject of child support payments, petitioner allegedly stood up, moved, behind the victim, and cut her throat with a sharp weapon. As victim

---

[1] My conclusion and recommendation is based on an evaluation of the petition on its merits without regard to issues of exhaustion. See 28 U.S.C. 2254(b)(2).

allegedly tried to fight off her assailant, petitioner pursued her through the house and continued to cut her throat and her hand. Petitioner allegedly fled when the victim's father, who also lived in the house, came out of his bedroom. Paramedic and hospital personnel were able to stabilize the victim who then remained in hospital for ten days after hours of emergency surgery.

On September 2, 1998, petitioner was sentenced in the County Court, County of Westchester, as a second felony offender to concurrent terms of imprisonment of twenty-five years for attempted murder in the second degree, twenty-five years for assault in the first degree and one year for criminal possession of a weapon in the fourth degree. Petitioner's conviction was unanimously affirmed by the Appellate Division on June 28, 2004. People v. Boatswain, 8 AD3d 673, 778 N.Y.S.2d 889 (2d Dept. 2004). On September 15, 2004, the New York Court of Appeals denied leave to appeal. People v. Boatswain, 3 NY3d 704, 785 N.Y.S.2d 31 (2004). On or about September 7, 2004, petitioner timely filed the instant Petition for a Writ of Habeas Corpus. In an order dated August 8, 2006, the court allowed petitioner to amend its petition to incorporate those claims contained in the direct appeal.

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). See 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Further, pursuant to 28 U.S.C. § 2254(d)(2), a federal court may grant habeas relief when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." To the extent that a habeas petition challenges factual findings, "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

In his amended petition, petitioner claims he was denied his Sixth Amendment right to effective assistance of counsel with regards to the following acts or omissions by his trial counsel: 1) failed to object to highly prejudicial bolstering; 2) failed to ask for mistrial or limiting instruction after prosecutor's outburst; 3) elicited prejudicial testimony from victim; 4) admitted to jury that he is asking unimportant questions; 4) made a faulty offer of proof on material issue.

Ineffective assistance of counsel under the <u>Strickland</u> test is characterized as deficient performance by counsel resulting in prejudice, with performance being measured against an objective standard of reasonableness. <u>Strickland v. Washington</u>,

466 U.S. 668, 687-88 (1984). In conducting this analysis, the Court will look to "prevailing professional norms." Wiggins v. Smith, 539 U.S. 510 (2003). The acts or omissions by counsel must reach constitutional dimensions, in that counsel's errors were so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Strickland, 466 U.S. at 687. Under the "unreasonable application" clause of 28 U.S.C. 2254(d), "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court applied Strickland incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (internal citations omitted).

In the instant case, petitioner has failed to meet this heavy burden. First, petitioner claims that counsel failed to object to the prosecutor's improper bolstering. Respondent argues that the testimony at issue in petitioner's first point was in fact not bolstering and was therefore not objectionable. On redirect, the prosecutor simply elicited information from a witness for the purpose of addressing an issue introduced by petitioner's trial counsel on cross examination. The Appellate Division credited respondent's view and held that counsel's conduct was not so deficient as to implicate petitioner's Sixth Amendment rights.

Second, petitioner claims that counsel failed to ask for curative instructions or a mistrial after prosecutor's outburst. Respondent argues that defense counsel properly objected to the prosecutor's "outburst." When the prosecutor interrupted defense counsel and was observed shaking her head, he objected in open court. His objection

4

was sustained by the court, the prosecutor was admonished by the court, the prosecutor apologized in open court, and counsel again objected at sidebar. The record shows that the "outburst" was mild and of short duration, and counsel responded vigorously. The Appellate Division credited respondent's view and held that counsel's conduct was not so deficient as to implicate petitioner's Sixth Amendment rights.

Third, petitioner argues that counsel elicited testimony from the victim that damaged his case. Specifically, petitioner claims counsel elicited the fact that he failed to provide for the child that he fathered with the victim. An equally valid interpretation of the record is that counsel was attempting to establish a motive for the victim to fabricate her testimony. Respondent argues that while this strategy can be questioned in hindsight, it does not constitute deficient representation. The Appellate Division credited respondent's view and held that counsel's conduct was not so deficient as to implicate petitioner's Sixth Amendment rights.

Fourth, petitioner claims counsel improperly admitted that one of his questions was in fact "not important." Respondent argues that attorneys at trial frequently withdraw questions or change lines of questioning in an attempt to best make their case. The Appellate Division credited respondent's view and held that counsel's conduct was not so deficient as to implicate petitioner's Sixth Amendment rights.

As to the fifth contention, this Court finds no evidence in the record of a "faulty offer of proof" that might implicate the Sixth Amendment.

Whether or not this Court agrees to the letter with the conclusions of the Appellate Division, at the very least the state court's assessment was not unreasonable. Therefore, habeas relief is not permissible under 28 U.S.C. 2254(d).

## IV. THE DENIAL OF FAIR TRIAL IN VIOLATION OF THE SIXTH AMENDMENT CLAIM

Petitioner claims that the following incidents during the trial constitute a violation of the Sixth Amendment: 1) the trial judge's disparaging comments made in front of the jury accusing defense counsel of not asking questions in good faith and for the purpose of trashing the witness; 2) improper colloquy with the witness Yun in front of the jury; 3) the prosecutor's "outburst" in front of the jury during the testimony of defendant's alibi witness; 4) the court permitting the prosecutor to refer to the crime as heinous.

It is not enough that a remark was undesirable. Darden v. Wainwright, 477 U.S. 168, 181 (1986). "The relevant question is whether the . . . comment so infected the trial with unfairness that as to make the resulting conviction a denial of due process." Id. (internal citation omitted). Morever, the appropriate standard for review on such a claim on a writ of habeas corpus is the narrow one of due process and not the broad exercise of supervisory powers. Id. (internal citation omitted). Contrary to petitioner's assertions, it is well established that in AEDPA cases reviewing state court application of harmless error analysis, the test adopted in Brecht v. Abrahamson, 507 U.S. 619 (1993) applies. Fry v. Pliler, 127 S.Ct. 2321 (2007); Pearson v. Ercole, No. 06-CV-5315, 2007 WL 2128350, at *6 (E.D.N.Y. Jul 25, 2007). Under this analysis, the petitioner must show that the error "had a substantial and injurious effect or influence in determining the jury's verdict."

The petitioner fails to meet his burden under Brecht in each enumerated incident.

With regard to the first instance, the Appellate Division found that the trial judge "improperly denigrated defense counsel in front of the jury." However, the state court found that the curative instructions issued by the trial court with respect to its own conduct mitigated any harm. The trial court's actions in connection with this incident do not implicate either its fairness or impartiality. See e.g. Untied States v. Matt, 116 F.3d 971, 974-75 (1997). Petitioner did not establish a substantial and injurious effect or influence in determining the jury's verdict.

In regards to the second instance, the state found that the trial court's colloquy with witness Yun was at worst harmless error. In this instance, the court praised Yun for his general expertise and his treatment of the victim for her life threatening injuries. Despite petitioner's position, there was no question of fact at trial with regard to the extent of the injuries suffered by the victim or the actions of witness in treating her. As such, the brief exchange did not favor one side over the other. The court's comment only reflected on the witness as an expert and had no substantial effect on the jury's verdict.

In the third instance, the Appellate Division found the prosecutor's outburst to be at most harmless error. Whatever influence the prosecutor's outburst had on the jury's decision was mitigated by the court's instruction and the prosecutor's apology in front of the jury.

The final instance refers to the prosecutor's characterization of the crime as heinous. Despite petitioner's objection, there can be little argument that the crime in this case was indeed heinous. The victim's throat was severed by a sharp weapon while her two children slept in the next room. Petitioner fails to establish that the

7

comment implicated him or influenced the jury in any way.

In summary, the record shows that the Appellate Division's decision did not constitute an unreasonable application of Supreme Court precedent on the issue of harmless error.

## VI. BOLSTERING AS A VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE

Plaintiff first addressed the issue of bolstering in his state court appeal, correctly arguing the matter as a violation of state law. In the instant matter, however, petitioner has packaged his bolstering claim as a Constitutional violation. On the merits, this claim must fail. "The concept of 'bolstering' really has no place as an issue in criminal jurisprudence based on the United States Constitution. It is at most a New York state rule or policy, . . . [v]iolation of [which] does not rise to a constitutional level." <u>Harris v. Hollins</u>, No. 95 CV 4376, 1997 WL 633440, at *21 (S.D.N.Y. Oct. 14, 1997). As such, petitioner's bolstering claim is not properly addressed in this petition.

## VII. CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be denied in its entirety.

## VIII. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Stephen C. Robinson and not to the undersigned.

Dated: August ____, 2008

White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE