**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARK BOATSWAIN,

                Petitioner,

v.

DALE ARTUS, Superintendent, Clinton
Correctional Facility,

                Respondent.

**05 Civ. 8155 (SCR)(GAY)**

**ORDER ADOPTING**
**REPORT AND**
**RECOMMENDATION**

**STEPHEN C. ROBINSON, United States District Judge:**

On September 2, 1998, Petitioner Mark Boatswain ("Boatswain") was sentenced

in the County Court, County of Westchester to concurrent terms of imprisonment for

attempted murder in the second degree, assault in the first degree, and criminal

possession of a weapon in the fourth degree. Boatswain, proceeding *pro se*, subsequently

filed a timely writ of habeas corpus pursuant to 28 U.S.C. § 2554 in September 2004.

That petition was amended with the Court's permission in August 2006.

Magistrate Judge George A. Yanthis issued his Report and Recommendation on

August 7, 2008, recommending that Boatswain's petition be denied in its entirety. On

August 21, 2008, Boatswain mailed a brief objection to the Court. In that

correspondence Boatswain simply stated: "I object to the Magistrate's legal conclusions

and his recommendation to deny the writ without holding an evidentiary hearing first."

This Court, having thoroughly reviewed Judge Yanthis's well-reasoned Report and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

-1-

Recommendation, adopts the conclusions contained therein and accordingly denies the petition in its entirety.

## I.   STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b) (1). To accept a Report and Recommendation to which no timely and actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F.Supp.2d 342, 346–47 (S.D.N.Y 2006); *see also Pizaro v. Cartlett*, 776 F.Supp. 815, 817 (S.D.N.Y. 1991) (noting that a court may accept an unobjected-to report if it is "not facially erroneous"). When, however, specific objections are made by the parties "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992)). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003).

Here, Boatswain does no more than assert the most general objections to the recommendations made by Judge Yanthis. As a result, this Court will only review the

Report and Recommendation before it for clear error.

## II.   DISCUSSION

Having reviewed Judge Yanthis's thorough and well-reasoned Report and Recommendation, this Court finds no clear error on its conclusions.

Boatswain first asserted an ineffective assistance of counsel claim based on various acts or omissions of his trial attorney. In assessing this claim, Judge Yanthis correctly noted that "'it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner.'" Report and Recommendation at 4 (quoting *Woodford v. Visicotti*, 537 U.S. 19, 24 (2002)). Judge Yanthis concluded that Boatswain had failed to satisfy this standard. This Court finds no clear error in this conclusion.

Boatswain next asserted that he had been denied a fair trial in violation of his Sixth Amendment rights as a result of various alleged incidents during his trial. Judge Yanthis correctly noted that when, in the habeas context, a court reviews a state court's application of the harmless error analysis "the petitioner must show that the error 'had a substantial and injurious effect or influence in determining the jury's verdict.'" Report and Recommendation at 6 (citation omitted in original). The Court finds no clear error in Judge Yanthis's conclusion that Petitioner failed to satisfy this burden. In addition, the Court finds no clear error in Judge Yanthis's final conclusion that Petitioner's claim based on prejudicial bolstering does not rise to constitutional levels.

Finally, Boatswain's objection that an evidentiary hearing should have been held prior to the issuance of a decision in this case is not persuasive. In the context of petitions for habeas corpus, "[t]rial courts may exercise discretion to deny an evidentiary

hearing unless the factual issues cannot be fairly decided without receiving new evidence in a formal proceeding." *Winslow v. Portuondo*, 599 F. Supp. 2d 337, 343 (E.D.N.Y. 2008). Here, each of Boatswain's arguments was suitably assessed by Judge Yanthis by thorough reference to the trial and appellate record. An evidentiary hearing in this case was simply not warranted.

## III.   **CONCLUSION**

In conclusion, the Report and Recommendation of Judge Yanthis is adopted in its entirety and the instant petition for a writ of habeas corpus is denied. The Clerk of the Court is directed to close this case, terming any outstanding motions.

*It is so ordered.*

White Plains, New York

Dated: _December 3_, 2009

Stephen C. Robinson, U.S.D.J.

-4-